THE STATE OF KANSAS v. JAMES BROWN AND RILEY ROBERTSON.

No. 12,408.    (65 Pac. 213.)

SYLLABUS BY THE COURT.

CRIMINAL PRACTICE—*Information Must be Signed by the County Attorney.* Under the laws of this state, no one may be prosecuted upon information for a criminal offense unless such information is signed by the proper prosecuting officer of the state.

Appeal from Cherokee district court; A. H. SKIDMORE, judge. Opinion filed June 8, 1901. Division two. Reversed.

*Charles Stevens*, county attorney, *C. B. Skidmore, Charles Smith*, and *W. R. Cowley*, for The State.

*E. M. Tracewell*, and *C. A. McNeill*, for appellants.

The opinion of the court was delivered by

POLLOCK, J. :   The defendants were arrested upon an information charging a violation of the prohibitory liquor law, tried, convicted, sentenced, and appeal. The information upon which the prosecution was had was not signed or presented by the county attorney of the county.   The same was presented by one C. B. Skidmore, appointed for that purpose, by order of the district court, and was verified on the oath of one P. Martin, and signed by said Skidmore and Martin. Timely objections were made at all stages of the prosecution, upon the ground that the information was not signed, verified or presented by, and in the name of, an officer of the state authorized to present the pleas of the state.   These objections were overruled.   The jurisdiction of this court to determine this appeal is challenged by the state.

We have examined the record and find the same not well taken. · The questions for determination here are :   (1) Under the facts disclosed by this record, did the district court have the power to authorize this prosecution in the name of a private citizen?   (2) May a prosecution be conducted, under the circumstances of this case, upon information not signed and presented by a properly constituted law officer of the state?

At common law, it was not necessary for the prosecuting officer to sign, or countersign, the indictment upon which a prosecution was conducted.   (10 Encyc. Pl. & Pr. 446.)   This rule, however, is changed in

this state by statute. It has always been the law of this state that no one shall be prosecuted upon information for a criminal offense unless such information is signed by an officer of the law, thereunto duly authorized by law to prosecute such offense. Such is the positive, mandatory provision of the statute. (Gen. Stat. 1901, § 5507; *Jackson v. The State,* 4 Kan. 150.)

The district court is without power to appoint a prosecuting officer, except in case of the death of the county attorney or in case of the absence, sickness or disability of both the county attorney and his deputy. (Gen. Stat. 1901, §§ 1782, 1786.) The record in this case shows the presence of the county attorney in court at the date of the order appointing Skidmore to prosecute in this action, and does not show either the sickness or disability to prosecute of the county attorney or his deputy at any stage of the prosecution, but on the contrary shows the opposite. It follows that the district court was without power to authorize a private citizen to sign and file the information against the defendants and to conduct this prosecution; that defendants were prosecuted and convicted without warrant of law, and that such conviction must be set aside.

It is so ordered.

DOSTER, C. J., SMITH, J., concurring.