*In re* Broadhead.

---

*In re* TED BROADHEAD, *Petitioner*.

No. 14,919.   (86 Pac. 458.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Warrant—Return—Functus Officio.* When a warrant which has been issued by a justice of the peace on a complaint charging the person whom the warrant commands the sheriff to arrest with a felony is delivered to a sheriff for service, and the sheriff thereafter by direction of the county attorney returns the warrant "not found," and files the same with the justice who issued it, such warrant thereupon becomes *functus officio.*

2. —— *Felony—Limitation of Action.* Upon such return of the warrant no action is thereafter pending which suspends the running of the statute of limitations.

Original proceeding in *habeas corpus.* Opinion filed July 6, 1906. Petitioner discharged.

STATEMENT.

THIS is an original proceeding in *habeas corpus.* No evidence was introduced except the following agreed statement of facts:

"It is admitted and agreed that the material facts in the above-entitled case are as follow, to wit:

"(1) The offense charged against the said Ted

26—74 KAN.

Broadhead is alleged to have been committed July 24, 1899.

"(2) The warrant upon which the petitioner is now held was issued on the 1st day of August, 1899, by J. W. Stow, a justice of the peace of Elk county, Kansas, and placed in the hands of J. H. Hamilton, as sheriff of Elk county, Kansas, on August 2, 1899.

"(3) In April, 1900, the said Ted Broadhead was arrested on charge of a felony alleged to have been committed in Linn county, Kansas, by the sheriff of said Linn county, Kansas, and placed in the jail of said county.

"(4) That on or about the 7th day of July, 1900, the said Ted Broadhead was by the jury in the district court of Linn county, Kansas, convicted of said felony and was by said court sentenced to imprisonment in the state penitentiary at Lansing, Kan., for the period of seven years.

"(5) That said warrant herein mentioned remained in the hands of the sheriff of Elk county, Kansas, without having been served until on or about the 25th day of June, 1901, when the said sheriff of Elk county, Kansas, returned said warrant to the justice of the peace who issued the same and indorsed thereon: 'Received this writ August 2, 1899. June 25, 1901, I cannot find the within-named Ted Broadhead within my county. J. H. Hamilton, sheriff. Fees: Mileage, 390 miles, $39. J. H. Hamilton, sheriff.' And thereupon the said justice of the peace made the following indorsement on the back thereof: 'Filed this 25th day of June, 1901. J. W. Stow, justice of the peace.'

"(6) That said warrant remained among the files of the office of said justice of the peace until about the 20th day of March, 1906, when the same was, by one H. E. Hubbell, a justice of the peace of Elk county, Kansas, and successor in office to the said J. W. Stow, delivered to W. S. Beaty, who had succeeded the said J. H. Hamilton to the office of sheriff of Elk county, Kansas.

"(7) That during all the time from April, 1900, to the 20th day of March, 1906, the sheriff of Elk county, Kansas, knew the whereabouts of said Broadhead and made no effort to serve the said warrant upon him or to arrest him, except as herein set out.

"(8) That no other criminal prosecution has been

*In re* Broadhead.

instituted or warrant issued against the said Broadhead for the offense charged herein since the 1st day of August, 1899.

"(9) That the said Broadhead was arrested by the sheriff of Elk county, Kansas, on the warrant set out in the petition herein, on the 28th day of March, 1906, upon his release from penitentiary, and is now held in the county jail of Elk county, Kansas, by virtue of said warrant.

"(10) That the fees of the sheriff for his services in attempting to serve said warrant prior to June 25, 1901, and the fees of the justice of the peace who issued said warrant, were allowed by the board of county commissioners of Elk county, Kansas, in July, 1901, and paid by the county treasurer of said county.

"(11) That the said Broadhead has been continuously in the state of Kansas from April, 1900, to April, 1906, during all of said time, either in the county jail of Linn county, Kansas, or in the Kansas state penitentiary at Lansing, and at no time since April 1, 1900, has he concealed himself so that process could not be served upon him, nor has he concealed the fact of said crime."

It is alleged in the petition and not denied by the answer that at the time the sheriff of Elk county turned the warrant in question over to the sheriff of Linn county, he, acting upon the advice and under the direction of the county attorney of Elk county, instructed the sheriff of Linn county as follows:

"If said Ted Broadhead is acquitted of the charge of felony against him in Linn county, Kansas, arrest said Broadhead on said warrant; but if said Broadhead is convicted of a felony in said Linn county, Kansas, do not serve said warrant, but deliver the same back to the said sheriff of Elk county, Kansas."

The petition further alleges that Broadhead was convicted of a felony in Linn county in July, 1900; that thereupon the sheriff of Linn county returned the warrant to the sheriff of Elk county without having made any service of or attempt to serve the warrant upon Broadhead, and that the sheriff of Elk county retained

the warrant until June, 1901, when he was instructed by the county attorney of Elk county as follows:

"Return said warrant to the justice of the peace that issued, it, and put in your claim for your fees."

*Lamb & Hogueland,* for petitioner.

*C. C. Coleman,* attorney-general, and *A. T. Ayres,* county attorney, for respondent.

The opinion of the court was delivered by

SMITH, J.: The warrant issued in this case was very irregular and informal. Assuming, without deciding, that when issued it contained a sufficient charge to justify the arrest of the petitioner, two questions remain to be decided: (1) Did the instrument at the time of the arrest of the petitioner, in March, 1906, retain the attributes of a warrant in full force, or was it *functus officio?* (2) Was the action barred by the statute of limitation at the time of the arrest of the petitioner?

It is contended on the part of the state, and authorities are cited to sustain the proposition, that a warrant is not returnable at any particular time and continues in force until it is fully executed. We are not satisfied with this view of the law under our statute. It is true that a warrant is not made returnable at any particular time, but section 1755 of the General Statutes of 1901 seems to impose upon the sheriff the duty of making due return of every writ or process delivered to him to be executed. It is not contemplated that a warrant shall never be returned unless the person thereby ordered to be arrested should be apprehended and the warrant served. Nor is it the policy of the law that crimes, murder and treason excepted, should become the subject of judicial investigation and punishment many years after they are committed, unless the guilty person absents himself from the state or so conceals himself that process cannot be served upon him, or unless he conceals the fact of the crime.

*In re* Broadhead.

The county attorney is the representative of the state in criminal prosecutions, and, subject only to a limited direction by the court, controls such actions. No crime can be prosecuted by indictment or information in his county without his signature to the indictment or information. (*The State v. Brown,* 63 Kan. 262, 65 Pac. 213; Gen. Stat. 1901, §§ 5540, 1777.) The county attorney is also the legal adviser of the sheriff and other county officers. (Gen. Stat. 1901, § 1779.) These things being true, it must be that the county officers, including the sheriff, are justified in acting upon the advice of the county attorney; and when the sheriff, by the direction of the county attorney, returns a warrant which has been placed in his hands for service to the court that issued it, this ends the official connection of the sheriff with such warrant, renders the warrant *functus officio,* and effects an abandonment of the prosecution by the state.

After the sheriff in this case had returned the warrant to the justice of the peace who issued it there remained nothing to evidence the pendency of an action against the petitioner except the complaint which had been filed before the issuance of the warrant. The legislature of this state has not provided what shall be deemed a commencement of a criminal prosecution, but the mere filing of a complaint and the issuing of a warrant thereon are not sufficient to toll the statute of limitations. Referring to the tolling of the statute, it was said in *In re Clyne, Petitioner,* 52 Kan. 441, 35 Pac. 23:

"We think the better rule is that the complaint must be filed and the warrant issued within the period limited by the statute; that it must be issued in good faith, and with the intention that it be presently served, and that the officer must proceed to execute it according to its command; that he must make the arrest within a reasonable time and at the first reasonable opportunity offered him." (Page 448.)

It follows that as the warrant under which the

sheriff was acting was without vitality when he arrested the petitioner, in March, 1906, and as no fact existed to toll the running of the statute since June 25, 1901, no criminal action could be maintained against the petitioner for the offense alleged to have been committed in 1899. It also follows that the arrest and confinement of the petitioner were illegal.

It is the judgment of the court that the petitioner be discharged.

All the Justices concurring.