No. 48,696

STATE OF KANSAS, *Plaintiff-Appellee,* v. JOHN WESLEY TURNER, *Defendant-Appellant.*

(576 P.2d 644)

Opinion filed April 1, 1978.

*Elmer C. Jackson, Jr.,* of Kansas City, argued the cause, and was on the brief for the appellant.

*Nick A. Tomasic,* district attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal from convictions of first-degree murder (K.S.A. 21-3401) and aggravated assault on a law enforcement officer (K.S.A. 21-3411). This prosecution arose out of an occurrence which took place on October 19, 1976, in Kansas City, Kansas. The defendant, John Wesley Turner, a young man of twenty-one years on parole from the Kansas State Reformatory, stabbed to death his parole officer with a knife. On the same occasion the defendant attacked another law enforcement officer with the same knife. Following his arrest at the scene and the filing of charges of first-degree murder and aggravated assault on a law enforcement officer, a preliminary hearing was held before the judge of the magistrate court of Wyandotte county. On November 30, 1976, at the conclusion of the evidence, the magistrate judge ordered the defendant bound over for trial in the district court on the charge of murder in the second degree and aggravated assault on a law enforcement officer. On December 3, 1976, the district attorney, being dissatisfied with the magistrate's rul-

ing, filed new charges of first-degree murder and aggravated assault on a law enforcement officer against the defendant in district court. On the same day he dismissed the charges against the defendant in the prior case. The defendant filed a motion to dis .iss the new charges, claiming the procedure to be in violation of K.S.A. 22-2905. After a hearing, the district judge overruled the defendant's motion and ordered a second preliminary hearing on the new charges. Following that hearing, the defendant was bound over to the district court in the later case on charges of first-degree murder and aggravated assault on a law enforcement officer. Thereafter the defendant was tried and convicted by a jury.

On appeal the defendant contends that the district court erred in overruling his motion to dismiss the charges in the second case. In support of his position the defendant relies on K.S.A. 22-2905(1) and (2) which provide as follows:

"22-2905. **Proceedings after the preliminary examination.** (1) When a defendant is bound over to the district court, the magistrate shall forthwith prepare a transcript of all proceedings before him and shall certify and transmit such transcript, together with the appearance bond and any security taken by him, to the clerk of the district court in which the accused is ordered to appear.

"(2) When a defendant is bound over to the district court, the prosecuting attorney *shall* file an information in the office of the clerk of the district court, charging the crime for which the defendant was bound over." (Emphasis supplied.)

It is the position of the defendant that under 22-2905(2), when a defendant is bound over to a district court for trial, the prosecuting attorney *must* file an information in the office of the clerk of the district court charging the crime for which the defendant was bound over. Defendant maintains that the use of the word "shall" makes such action mandatory. We do not agree with the defendant in his construction of the statute. In our view the statutory provision is directory rather than mandatory since it simply directs a mode of procedure to secure order, system, and dispatch in criminal proceedings. (*Paul v. City of Manhattan,* 212 Kan. 381, 511 P.2d 244; *State v. Brown,* 205 Kan. 457, 470 P.2d 815.) It has long been the law of this state that a preliminary examination is not a trial of the defendant's guilt; it is rather an inquiry whether the defendant should be held for trial. (*In re Mortimer,* 192 Kan. 164, 386 P.2d 261.) Following a preliminary examination, the examining magistrate has no power to acquit but only

the power to discharge from custody. Such a discharge is not a bar to another examination. (*State v. Henry,* 219 Kan. 310, 548 P.2d 808.) The district attorney is the representative of the state in criminal prosecutions. He controls criminal prosecutions. He has the authority to dismiss any charge or to reduce any charge. (*State v. Pruett,* 213 Kan. 41, 515 P.2d 1051; *State v. Kilpatrick,* 201 Kan. 6, 439 P.2d 99.)

The examining magistrate's function at a preliminary examination is to determine probable cause. When the examining magistrate errs in this function by failing to bind the defendant over to the district court for trial on a charge which is warranted by the evidence, the state's only remedy is to dismiss and file another case. There is nothing in the law which prohibits the course of action taken by the district attorney in this case. As long as a defendant has not been placed in jeopardy, he ordinarily has no cause for complaint in these circumstances. By way of a caveat it should be pointed out, however, that in a case of harassment resulting from the filing of groundless and vexatious prosecutions, a defendant may petition a district court and obtain injunctive relief. (*Foley v. Ham,* 102 Kan. 66, 169 Pac. 183.)

The other point raised on the appeal is that the verdicts of guilty were not supported by the evidence. We have no hesitancy in holding that the evidence was sufficient to support the verdicts of guilty of both offenses.

The judgment of the district court is affirmed.