No. 56,620

STATE OF KANSAS, *Appellant*, v. PAMELA S. BERG, *Appellee*.

(694 P.2d 427)

Opinion filed January 26, 1985.

*Charles A. O'Hara*, of O'Hara, O'Hara & Tousley, of Wichita, argued the cause and was on the brief for the appellant.

*Robert T. Stephan*, attorney general, *Clark V. Owens*, district attorney, and *Geary N. Gorup*, assistant district attorney, were on the brief *amicus curiae*.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal in a criminal action from a dismissal of charges against Pamela Berg (defendant- appellee). The appeal is brought by the associate counsel for the prosecution who was hired pursuant to K.S.A. 19-717 by the complaining witness, Jerry L. Berg. The State, through the district attorney, filed a brief *amicus curiae*.

The facts disclose that on February 23, 1982, Pamela Berg went to the home of her ex-husband, Jerry L. Berg, to pick up her children for visitation. There was apparently some disagreement as to whether the children were to leave with their mother. This resulted in a violent altercation between Pamela and Jerry. Subsequently, both parties contacted law enforcement officers to report that he or she had been the victim of a battery by the other.

On June 3, 1983, the separate cases were filed. The case against Jerry L. Berg was filed by a deputy district attorney on behalf of the State. The case against Pamela Berg was filed by Jerry Berg, through his counsel, pursuant to K.S.A. 22-2301(1). Mr. Berg had hired private counsel to assist in prosecuting the case as is allowed under K.S.A. 19-717 which provides:

"That the prosecuting witness in any criminal action or proceeding may, at his own expense, employ an attorney or attorneys to *assist* the county attorney to perform his duties in any criminal action or proceeding under any of the laws of the state of Kansas, and such attorney or attorneys shall be recognized by the county attorney and court as *associate counsel* in such action or proceeding, and no prosecution shall be dismissed over the objection of such associate counsel until the reason of the county attorney for such dismissal, together with the objections thereto of such associate counsel, shall have been filed in writing, argued by counsel, and fully considered by the court." (Emphasis added.)

On September 2, 1983, the district attorney's office, after investigating and evaluating both allegations, moved to dismiss the complaint filed against Pamela Berg by Jerry Berg. The reasons for the dismissal were stated in the State's motion for dismissal as follows:

"3. That in the exercise of good faith and sound discretion, the State's attorney believes there is insufficient credible evidence to warrant the continued prosecution of the instant matter and therefore, continued prosecution of this matter would violate the ethical standards governing prosecutors;

"4. That the continued prosecution of this case would create an ethical conflict of interest for the District Attorney, his deputy and assistants in light of the continuing prosecution of [the case against Jerry Berg] and would constitute a usurpation of prosecutorial discretion."

Both the district attorney and Pamela Berg's counsel filed memoranda in support of the motion to dismiss. Jerry Berg's retained counsel filed a memorandum opposing the motion. The hearing was conducted on October 12, 1983. After hearing extensive arguments from counsel, the court took the matter under advisement and issued a Memorandum Opinion on November 10, 1983. In this opinion, the court began by recognizing Mr. Berg's retained counsel as an assistant to the prosecutor under K.S.A. 19-717. The court then noted:

"Associate counsel strenuously objects to the dismissal of this case and in compliance with K.S.A. 19-717, the district attorney has filed his reasons for such dismissal in writing and associate counsel has filed his objections to dismissal in writing and all such reasons and objections have been fully considered by the Court."

The court went on to rule that the reasons for dismissal given by the district attorney were sufficient, and, as the district attorney is in charge of any criminal action filed, he may dismiss such a charge for cause. The court then ordered the case dismissed.

Jerry Berg, through his retained counsel acting as "associate counsel for the prosecution," appealed the dismissal of the charges against Pamela Berg. The parties were ordered to show cause why this court had jurisdiction to hear the appeal in light of our decision in *State ex rel. Rome v. Fountain*, 234 Kan. 943, 678 P.2d 146 (1984).

The threshold issue in this case, then, is one of jurisdiction. Stated another way: When a district court dismisses a criminal complaint, does the complaining witness's private counsel, retained pursuant to K.S.A. 19-717 as assistant to the prosecutor, have the right to take an appeal from an order of dismissal? If we determine that there is standing for appeal, the issue then becomes whether the district court's order of dismissal complied with the requirements of K.S.A. 19-717.

In February 1984, while this appeal was pending, we decided the *Rome* case which involved a jurisdictional issue very similar to the one now before us. In determining whether *Rome* is dispositive of the present case, a detailed review of *Rome* is warranted.

Richard Rome, a practicing attorney, filed criminal charges of perjury against the sheriff and county attorney of Reno County in connection with their testimony at a hearing which resulted in the removal of Rome from his position as an Associate District Judge. The complaint was filed by Rome, and the trial court served notice to appear on each defendant. The defendants moved to quash the complaint and Rome opposed the motion. After a hearing, the trial court entered an order quashing the complaints. Although Rome did not attend the hearing, he presented his arguments in a written brief. Rome appealed the order quashing the complaint.

The issue before this court was whether a complaining witness had the right to take an appeal from an order entered by a district court dismissing a criminal complaint. In the course of the *per curiam* opinion, we noted there is no specific statute in Kansas which allows the complaining witness to appeal from the dismissal of a criminal case. Since the right to appeal is statutory,

the absence of a statute indicated there was no right to appeal. We then reviewed Kansas court decisions throughout our judicial history demonstrating the fact that "a private individual has no right to prosecute another for crime and no right to control any criminal prosecution when one is instituted. . . . [T]he philosophy of this state has always been that a criminal prosecution is a state affair and the control of it is in the public prosecutor." 234 Kan. at 945. As was noted in the opinion, there is an abundance of authority in Kansas for the rule that the public prosecutor is to control criminal cases. *State ex. rel. Miller v. Richardson*, 229 Kan. 234, 623 P.2d 1317 (1981); *State v. Turner*, 223 Kan. 707, 709, 576 P.2d 644 (1978); *State v. Pruett*, 213 Kan. 41, 515 P.2d 1051 (1973); *State v. Kilpatrick*, 201 Kan. 6, 17, 439 P.2d 99 (1968); *State, ex rel., v. Court of Coffeyville*, 123 Kan. 774, 256 Pac. 804 (1927); *Foley v. Ham*, 102 Kan. 66, 169 Pac. 183 (1917); *In re Broadhead*, 74 Kan. 401, 86 Pac. 458 (1906); *State v. Brown*, 63 Kan. 262, 65 Pac. 213 (1901); *State v. Wells*, 54 Kan. 161, 165, 37 Pac. 1005 (1894); *State v. Wilson*, 24 Kan. 189 (1880); *Jackson v. State*, 4 Kan. 150 (1867).

This philosophy is incorporated into the Kansas Code of Criminal Procedure. See K.S.A. 22-2104 (criminal prosecutions to be brought in the name of the State of Kansas); 22-2202(19) (definition of "prosecuting attorney" as one authorized by law to appear on behalf of the State); 22-2301 (copy of complaint must be supplied to county attorney); 22-3201(6) (prosecuting attorney to endorse names of all witnesses on the complaint, information or indictment); 22-3602(b) (when the prosecution may appeal from order of the district court); 19-702 (county attorney had duty to appear and prosecute on behalf of the State); 19-711 (in absence of county attorney, the court may appoint an acting county attorney); 19-715 (judges may appoint temporary county attorney for their district); 19-717 (prosecuting witness may employ, at his own expense, an attorney to assist the county attorney.)

After quoting at length from the American Bar Association Standards relating to the Prosecution Function, wherein it is stated the prosecution function should be performed by a public prosecutor and not a private party, we concluded, "It is thus clear that the national tradition, as well as the Kansas tradition, requires that the person representing the state in a criminal pro-

ceeding must be a law-trained, independent public prosecutor rather than a vengeful persecutor." *Rome*, 234 Kan. at 951. Thus, the complaining witness had no standing to take the appeal, and we dismissed the case for lack of jurisdiction.

Efforts by Mr. Berg's attorney to distinguish *Rome* are without merit.

The distinction between a motion to dismiss and a motion to quash is one without a difference. Motions to quash as known in common law were abolished by K.S.A. 22-3208(1); the remedy formerly requested by a motion to quash must now be raised by a motion to dismiss. The court's use of the word "quash" in *Rome* was a matter of semantics.

Also, there is no basis for the contention that there was no probable cause finding in *Rome*. After the complaint was filed in *Rome*, the court ordered that notice to appear be issued to each defendant. Such notice, by definition, is a "summons." See K.S.A. 22-2202(16). Before issuing a summons, the court must make a preliminary finding of probable cause. See K.S.A. 1983 Supp. 22-2302(1).

Another distinction asserted between *Rome* and the case at bar is the fact that a 19-717 assistant to the prosecutor was employed by the complaining witness in this case. Even so, we have concluded the rationale in *Rome* is equally applicable in this case and the appeal must be dismissed for lack of jurisdiction.

In arguing against this result, Mr. Berg's attorney contends that by virtue of 19-717, he has assumed the role of a prosecutor. He points to language in *Rome* which refers to the 19-717 counsel as a "special prosecutor." This term is used in K.S.A. 22-2202(19), which states:

"'*Prosecuting attorney*' *means* any attorney who is authorized by law to appear for and on behalf of the state of Kansas in a criminal case, and includes the attorney general, an assistant attorney general, the county or district attorney, an assistant county or district attorney, and *any special prosecutor whose appearance is approved by the court*." (Emphasis added.)

It is argued that since Mr. Berg's attorney is a "special prosecutor" he has become a "prosecuting attorney" and thus may appeal the dismissal pursuant to K.S.A. 22-3602(b)(1), which provides that appeals from an order of dismissal may be taken by the *prosecution*.

In our opinion an attorney hired by the complaining witness *to assist the prosecutor* pursuant to 19-717 is not a "special prose-

cutor" within the meaning of 22-2202(19). Although we find no Kansas cases which define "special prosecutor," we are of the opinion that, as used in the statute, it refers to one who is temporarily appointed by the court to replace the absent county attorney pursuant to K.S.A. 19-711 or 19-715. The 19-717 attorney does not take over the role of the prosecutor. The controlling word in 19-717 is "assist." The attorney is to assist the prosecutor who will maintain ultimate control of the case.

In *State v. Wells*, 54 Kan. 161, the Supreme Court held that although it was not error for the lower court to permit private counsel to assist the county attorney, the entire prosecution was to remain under the supervision and control of the county attorney. K.S.A. 19-717 was enacted in 1901, subsequent to the *Wells* case. Since the statute specifies that the attorney employed by the complaining witness "assists" the prosecutor, the statute codifies the holding in *Wells* and was not meant to override that case. More recently, in *State v. Sandstrom*, 225 Kan. 717, 595 P.2d 324, *cert. denied* 444 U.S. 942 (1979), this court held that it was not error to hire an assistant to the prosecutor under 19-717 since "[t]he district attorney participated fully in the prosecution and there is nothing to show he was not in full control of the case." 225 Kan. at 723. See also *State v. Atwood*, 187 Kan. 548, 358 P.2d 726 (1961).

In discussing 19-717 in the *Rome* opinion, this court stated:

"This statute does not give to the associate counsel the right to take an appeal to an appellate court from an order dismissing the case. . . .

". . . Although the complaining witness does have the right to employ private counsel to assist the county attorney, the ultimate prosecution of the case remains at all times in the hands of the public prosecutor." 234 Kan. at 949.

The drastic difference in roles between the "public" prosecutor and the "private" prosecutor was observed in Note, *Private Prosecution — The Entrenched Anomaly*, 50 N.C.L. Rev. 1171, 1173 (1972):

"From his sole function as procured advocate for a prosecution, the duties of the public prosecutor have taken new dimensions. He is not an advocate in the ordinary sense of the word, but is the people's representative, and his primary duty is not to convict but to see that justice is done. The prosecutor is an officer of the state who should have no private interest in the prosecution and who is charged with seeing that the criminal laws of the state are honestly and impartially administered, unprejudiced by any motives of private gain. It is his duty to

show the whole transaction as it was, regardless of whether it tends to establish a defendant's guilt or innocence.

"Conversely, a privately retained attorney owes his client individual allegiance, and once employed he must not act for an interest even slightly adverse to that of his client in the same general matter. Therefore, in view of the ethical and judicial restrictions imposed on the public prosecutor and the generally recognized loyalties of the private advocate, 'private prosecutor' is a contradiction in terms. The high standard of impartiality demanded of a prosecutor realistically cannot be expected of the private advocate."

It is firmly established in this state that the relationship between a lawyer and his client is one of agency. *Bucher & Willis Consulting Engineers v. Smith*, 7 Kan. App. 2d 467, 643 P.2d 1156 (1982). An attorney who is hired by a complaining witness must act in the interest of his client which may not be in the interest of the general public. Accordingly, we conclude that the *Rome* case is dispositive of the case at bar. The addition of an attorney, hired by the complaining witness under 19-717, does not distinguish this case from the rationale of *Rome*. The person representing the State in a criminal proceeding must be a "law-trained, *independent public prosecutor* rather than a vengeful persecutor." *Rome*, 234 Kan. at 951. (Emphasis added.)

There is no merit to the argument made by associate counsel that without the right to appeal the dismissal, K.S.A. 19-717 is rendered "worthless" because there is no remedy available when the court does not follow the statutory procedures for dismissal. Traditionally, the prosecutor has the discretionary power to dismiss a criminal case without interference from the judiciary. *State v. Turner*, 223 Kan. at 707, 709, 576 P.2d 644 (1978). The complaining witness has no right to challenge a decision by the prosecutor to dismiss. *Rome*, 234 Kan. at 945. K.S.A. 19-717 gives the complaining witness a way to have the judiciary check the district attorney's decision to dismiss. Thus, by hiring his own attorney, the complaining witness is given a voice in the decision to dismiss — a right he would not have in the absence of the statute. The fact that there is no right to appeal the trial court's decision to dismiss does not render the statute meaningless. There have always been limitations on the State's right to appeal from adverse rulings. "[T]he right to appeal is statutory, and, in the absence of a statute which authorizes an appeal, an appeal is not available to the losing party in the district court." 234 Kan. at 945.

We must now consider the request of the district attorney, who filed a brief *amicus curiae,* for an allowance of reasonable attorney fees and expenses incurred on the appeal. In *Rome,* we held that attorney fees should be awarded to the appellees because the appeal taken was frivolous and for the purpose of harassment. Supreme Court Rule 7.07(b) (232 Kan. cxviii) provides:

"(b) FRIVOLOUS APPEALS. If the court finds that an appeal has been taken frivolously, or only for the purposes of harassment or delay, it may assess against an appellant or his counsel, or both, the cost of reproduction of the appellee's brief and a reasonable attorney's fee for the appellee's counsel. The mandate shall then include a statement of any such assessment, and execution may issue thereon as for any other judgment, or in an original case the clerk of the appellate courts may cause an execution to issue." (Emphasis added.)

In this case the district attorney was not an "appellee," he merely filed an *amicus* brief. While the rule (7.07[b]) speaks to fees being awarded to an "appellee," we think the distinction in the situation here involved is irrelevant. The district attorney was obligated to submit a brief in support of the trial court's dismissal. The associate counsel was claiming to be the prosecutor acting on behalf of the State. Therefore, the district attorney — the actual representative of the State — had to be heard.

The dismissal of this case by the trial judge and the appeal taken by counsel for Mr. Berg were prior to the decision in *State ex rel. Rome v. Fountain,* 234 Kan. 943. Therefore, counsel did not have the benefit of the Supreme Court's decision in *Rome.* Had this appeal been taken after the *Rome* decision it would have been frivolous, but under the circumstances we cannot say the appeal was frivolous when it was taken. The request for reasonable attorney fees and expenses of the district attorney is denied.

The appeal is dismissed.