John E. Lang Pottawatomie County Counselor County Office Building P.O. Box 187 Westmoreland, Kansas 66549
Dear Mr. Lang:
As County Counselor for Pottawatomie County you ask our opinion on the propriety of "pay and dismiss" policies of county attorneys whereby a person charged with speeding may tender to the county attorney two checks, one payable to the county attorney for a fee and the other payable to the clerk of the district court for court costs. Upon payment, the speeding charge is dismissed. You state that the fee payment is utilized by the county attorney for operational and other expenses or paid into the county general fund. You specifically inquire about the disposition of the fee and express concern that the county attorney may be circumventing the provisions of K.S.A. 20-2801 which require the clerk of the district court to remit all fines to the state treasurer.
The "County Speeding Policy and Guidelines" that you enclose with your request for an opinion sets out certain eligibility requirements that a person charged with speeding must meet to qualify for the pay and dismiss program. Those guidelines refer to a "fee" rather than a "fine" and refer to the policy as a "speeding diversion policy."
K.S.A. 22-2906 et seq. provide guidelines for diversion in criminal cases. K.S.A. 22-2906 (4) defines diversion agreement as "the specification of formal terms and conditions which a defendant must fulfill in order to have the charges against him or her dismissed." Although the "County Speeding Policy and Guidelines" does not meet all the statutory requirements for diversion, it appears to meet this definition of diversion.
Kansas appellate court decisions have upheld diversion policies which do not strictly follow statutory guidelines. See State v. Greenlee, 228 Kan. 712
(1980); In re Habeas Corpus Application of Tolle,18 Kan. App. 2d 491 (1993) rev. denied 253 Kan. 858
(1993). These decisions are based on the longstanding philosophy of this state that "a criminal prosecution is a state affair and the control of it is in the public prosecutor." State ex rel. Rome v. Fountain, 234 Kan. 943,945 (1984). Except where restricted by statute, a prosecutor has absolute control and discretion to decide whether charges are filed, a defendant is prosecuted, or a case is dismissed. State v. Kilpatrick, 201 Kan. 6
(1968); State, ex rel., v. Court of Coffeyville,123 Kan. 774 (1927).
In discussing diversion statutes, the Court inGreenlee stated:
 "The statutes adopted in 1977 sought to establish a uniform procedure for a function which was already in existence in a number of counties across the state. The statutes do not enable the prosecutor to do anything that could not be done before. The prosecutor has always had the discretion to decide whether to file charges, to enter into plea bargaining, to reduce charges or to dismiss without prosecution." Greenlee, 228 Kan. at 717.
The Court found that Greenlee's constitutional rights were not violated even though the district attorney did not follow statutory guidelines, however the Court cautioned the district attorney to take immediate action to bring his program into compliance with the statutes.
We are of the opinion that a prosecutor has prosecutorial discretion to offer a pay and dismiss policy for persons charged with speeding violations. We can find no authority which allows a prosecutor to require a fee for dismissing a criminal charge other than if the dismissal is pursuant to a diversion agreement as outlined in K.S.A. 22-2906 et seq. It is therefore our opinion that the pay and dismiss policy you describe is a diversion and, as such, must comply with the statutory diversion requirements set forth in K.S.A. 22-2906 et seq.
We next address your question concerning the disposition of the fee required by the "County Speeding Policy Guidelines" you enclose. You refer in your letter to a "fine" rather than a "fee"; however the "County Speeding Policy Guidelines" refer only to a "fee". As you point out in your letter, fines are to be paid through the clerk of the district court to the state treasurer for deposit into the state general fund. K.S.A. 20-2801. Fees received by a county officer are to be paid to the county treasurer and credited to the county general fund. K.S.A. 28-175. A fine is generally defined as a pecuniary punishment imposed by a court upon conviction of a crime. Black's Law Dictionary 632 (6th ed. 1990). A fee is generally a charge fixed by law for a service by a public officer or for the use of a privilege under the control of the government. Black's Law Dictionary 614 (6th ed. 1990). It is our opinion that the fee referred to in the "County Speeding Policy Guidelines" is a fee rather than a fine and, therefore, should be paid to the county treasurer pursuant to K.S.A. 28-175.
K.S.A. 19-705 prohibits a county attorney from receiving any fee for performing official duties except as specifically allowed by law. In addition, K.S.A. 28-175
requires that any fees "from any source whatsoever" received by a county officer in the performance of official duties shall be paid to the county treasurer, unless such fees are specifically allowed to be kept by law. Attorney General Opinion No. 89-105 addressed how to handle the fees received pursuant to a diversion agreement, and concluded that:
 "The county attorney should not retain control of fees received pursuant to a diversion agreement except as authorized by the board of county commissioners in accordance with proper budgetary procedures. Such fees should initially be paid over to the county treasurer pursuant to K.S.A. 28-175."
We believe that opinion to be controlling in the situation you present. Therefore, it is our opinion that the fee received by a county attorney pursuant to a pay and dismiss policy should be paid to the county treasurer as directed by K.S.A. 28-175, credited to the general fund, and handled according to budgetary procedures applicable to all moneys in the county general fund.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm