Gentlee **HOLLMAN**, Appellant,

v.

**Wyndham M. MANNING,** Warden of the **South Carolina State Penitentiary,** Appellee.

No. 7765.

United States Court of Appeals Fourth Circuit.

Argued Jan. 12, 1959.

Decided Jan. 16, 1959.

---

Charles W. Laughlin, Richmond, Va. (Court appointed counsel) for appellant.

Gentlee Hollman, pro se, on brief.

Julian S. Wolfe, Orangeburg, S. C., for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

Gentlee Hollman, a prisoner in the South Carolina State Penitentiary, appeals from an order of the District Court whereby his application for writ of habeas corpus was dismissed on the ground that he had failed to show that he had exhausted his state remedies before applying to the federal court for relief. He was indicted on May 27, 1957, in Calhoun County, South Carolina, on two counts: 1) for resisting an officer and 2) for assault and battery upon the officer with intent to kill. Prior to the convening of the state court the defendant requested and was furnished with a copy of the indictment and furnished a list of the witnesses whom he desired to testify, all of whom were summoned. When arraigned he pleaded not guilty. At that time he was asked if he had an attorney or any motions to make, and said in reply that he had no attorney but requested that one of the State's officers be excluded as a witness and that the statement of another witness be suppressed. He did not request the appointment of an attorney. He said that he understood colored persons had not been permitted to sit on the jury. The case proceeded to trial, during which the defendant cross-examined the witnesses for the State and examined witnesses called on his behalf. He did not testify as a witness. At the end of the testimony he was offered an opportunity to address the jury but declined to do so. He said he thought it would be wise for the court to appoint an attorney to argue, and also

said that the jury was an illegal jury. Nothing, however, was presented to the court at any time during the trial in support of the latter statement, either in respect to the exclusion of colored persons on the jury or to the illegality of the jury in any other respect. No attorney was appointed for the defendant to argue the case. The jury rendered a verdict of guilty on both counts. Thereupon the judge inquired as to the background of the defendant and was informed as to the following criminal record.

On February 26, 1940, the defendant was sentenced in West Palm Beach, Florida, to 10 days for breaking and entering. Thereafter, under the alias of Robert Samuel, he was convicted of a criminal offense in Fayetteville, North Carolina, released on bail in the sum of $700 and disappeared. On November 11, 1948, he was convicted in Bamberg, South Carolina, on a fraudulent check charge and sentenced to three years in the State Penitentiary. He escaped from prison and was given an additional 3 months therefor. On March 5, 1954, he was convicted of violating the Dyer Act, 18 U.S.C.A. §§ 10, 2311–2313, in Philadelphia and sentenced to imprisonment for 18 months. He escaped therefrom and was given an additional 3 months imprisonment. On January 19, 1956, he was convicted of cheating and swindling in Atlanta, Georgia, and sentenced to 12 months imprisonment or $302 fine. On February 14, 1957, he was convicted in St. Matthews, South Carolina, for driving a truck without a license and sentenced to 60 days imprisonment. In answer to questions propounded by the court as to his familiarity with legal procedure, he stated that he had been in court several times and had taken training in different schools including the penitentiary. Thereupon he was sentenced by the court for a term of 4 years or a fine of $1,000 on the first count, and a term of 3 years or a fine of $1,500 on the second count, the sentences to run consecutively.

The defendant then gave notice of an appeal to the Supreme Court of South Carolina, whereupon, by order of the trial court, a transcript of the record of the trial was printed and he was given a copy thereof. The record for the appeal was prepared by the attorneys for the State in the presence of the defendant and approved by him. Thereafter the Supreme Court of South Carolina appointed an attorney for the defendant, who prepared a brief and argued the case in the Supreme Court. The defendant also filed a lengthy brief on his own behalf. The Supreme Court entered a decision, State v. Hollman, 232 S.C. 489, 102 S.E.2d 873, in which it held that there was no error in refusing the defendant's request for counsel, made after the conclusion of the evidence, and that the defendant was not deprived of his opportunity to be fully heard in his defense or by his counsel, or both, under Article 1, Section 18 of the Constitution of South Carolina. The Court, however, struck out the judgment of sentence on the second count of the indictment on the ground that the charge in the first count relating to assault upon the officer and the charge of aggravated assault and battery in the second count constituted a single offense and could not be considered separate offenses for which separate penalties might be imposed.

This decision was rendered on April 8, 1958. The defendant did not make application to the Supreme Court of the United States for certiorari to review the decision, but on June 23, 1958, filed the petition for habeas corpus in the United States District Court, which is now before us on this appeal. We think that the District Judge was correct in holding that the action is not tenable, for it is well settled by statute and by decisions of the courts that ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in the Supreme Court of the United States by appeal or writ of certiorari, have been exhausted. Darr v. Burford, 339 U.S. 200, 207, 70 S.Ct. 587, 94 L.Ed. 761; 28

U.S.C. § 2254. Departure from this rule is allowable only where there are circumstances of peculiar urgency, such as an absence of available state corrective procedure or the existence of circumstances rendering such procedure ineffective to protect the rights of the defendant.

■ There are no special circumstances in the pending case to justify a departure from the general rule. The defendant had ample opportunity before the trial court and the Supreme Court of South Carolina to raise all of the questions which he now raises, and all of them which were presented to the State Supreme Court were carefully considered in an exhaustive opinion with the assistance of special counsel appointed to represent the defendant. Especial consideration was given to the contention of the defendant that he was denied his constitutional right to be represented by counsel in the trial court. See 232 S.C. 489, 498, 499, 102 S.E.2d 873, where it was shown that in the proceedings preliminary to trial in the lower court it was brought out that the defendant had no attorney and that he was offered an opportunity by motion to apply for the appointment of an attorney but proceeded to trial without doing so. It was also shown that under the Constitution of South Carolina there is no constitutional or statutory requirement that the court assign counsel for any person accused except where the offense charged is a capital one, and that there was no lack of due process under the Fourteenth Amendment of the Federal Constitution in the failure to appoint counsel for the defendant in the trial court under the circumstances recited. This decision is in harmony with the decision of the Supreme Court of the United States in Bute v. People of State of Illinois, 333 U.S. 640, 660, 677, 68 S.Ct. 763, 92 L.Ed. 986, where it was held that in the federal courts the defendant is entitled to have counsel appointed for him in every case under the Sixth Amendment to the Federal Constitution, and that the due process clause of the Fourteenth Amendment requires the state courts to afford defendants the assistance of counsel in capital cases and also in noncapital cases where there are special circumstances showing that without a lawyer the defendant could not have a fair trial. We find no such circumstances in this case and no basis for departing from the ordinary rule which requires the exhaustion of state remedies before an application for writ of habeas corpus can be made by a state prisoner to the federal courts.

The appellant was represented in this court by competent counsel appointed by the court and filed an additional brief on his own behalf. The judgment of the District Court is

Affirmed.