Taylor, Chief-Justice,
 

 delivered the opinion of the Court, which was composed of himself, Haii and Mur,~ THEY :
 

 The first question relates to the validity of the plea, which is demurred to. It must be assumed upon the
 
 *83
 
 pleading, that the, first indictment was prosecuted in good faith, and with the view of bringing the Defendant to trial. There is truth-in the remark, made by the counsel for tiie State, that public justice may be sometimes evaded by an offender procuring a friend to indict him in the County Court, where a trivial punishment would secure' him from another prosecution in the Superior Court. While tiie first indictment is pending, and before judgment, the evil arising from a fraudulent prosecution may, in general, be obviated by replying that the indictment was prosecuted by fraud and covin between the Prosecutor and the Defendant, and the verification of this fact before the Jury would destroy the validity of the pica.
 

 It is a familiar rule of law, that a man cannot bring a second action fqr the same cause,-lor which be has a prior action depending. This extends to
 
 qui tain
 
 actions, where the Plaintiffs are different, If the cause of the actions is the same — to informations
 
 qui iam,
 
 and to indictments to recover forfeitures on penal statutes; but informations and indictments for crimes are excepted from it. That the rule should not extend to those modes of prosecution, the consequences of which are most grievous to the accused, seems at first view to be unju.vt, and in conflict with the maxim,
 
 Nemo his debel vexrsi,
 
 si
 
 consiet curia-quod sil -pro una et eadem cause,.
 
 This anomaly in too English law is only to be, accounted for by the extensive, criminal jurisdiction of tbo King's ííeuch; for it was formerly thought that no acquittal in any other Cour‘-could be effectually pleaded in bar to a prosecution in the King’s Bench. Info that Court indictments may be removed from all inferior Courts by writ of
 
 certioraii,
 
 and are thus under its control for all the- purposes of justice.
 

 If there, he any criminal Courts of local and independent jurisdiction, from which an indictment could not be. removed into the King's E<-i:;'b, that Court would, I apprehend, he. compelled by the- reason and the rule to sustain such a plea as the, one now reliwl on. This may be in
 
 *84
 
 ferred from a passage in
 
 Hawkins:
 
 “ if an appeal be “ commenced before Justices in Eyre, and afterwards “ another appeal be brought in King’s Bench, it w ill be a “good plea, that another appeal is depending,* which
 
 “
 
 shews that the King’s Bend) ought not, without a
 
 ccr-
 
 “ iiorari, to intermeddle in an appeal whereof another “ Court is legally possessed before;
 
 and the reason seems
 
 “
 
 to be the same as to
 
 indictments.”
 

 The County and Superior Courts of this State have concurrent jurisdiction of the offence charged in this indictment| and where the jurisdiction of the former attaches, if must be exercised throughout, before the Superior Court can take cognizance of the case, and then it can act only m its appellate capacity. There is no method by which an indictment can be removed from the County to the Superior Court, before trial j so that if a party were precluded from pleading f isc pendency of another indictment, he might be not only
 
 bis ‘oexaCus,
 
 but
 
 bis punitus, pro una et eadetn causa.
 
 This reason is sufficient to shew that the plea ought to be sustained.
 

 With respect to the exception taken to the. charge of the Judge in relation to
 
 Taylor’s
 
 testimony, it seems to me to be incontrovertible, that if death had ensued, it would have been a plain case of manslaughter. The Defendant received from the prosecutor a blow so violent as
 
 to
 
 stagger him ,* and in a minute afterwards gave the wound. We deem such a provocation a legal one,* and the law presumes that it may kindle wrath in the highest degree, so that a person is rather to be. considered as acting under the suspension of reason, than from the, impulse of malice. The homicide would have been not the less extenuated, because he used a deadly weapon, since- ibe passion, excited by an attack on his person, was continued to the moment of the act.
 

 The- Jury were incorrectly instructed, when they were told, that it would have been murder, because there was
 
 m necessity
 
 on the part of the Defendant to do what lie
 
 *85
 
 did. The task was to distinguish between murder and manslaughter; but the absence of
 
 necessity
 
 is common to both of them. Had such necessity existed, it would not lm\e amounted even to manslaughter. In considering whether a homicide amounts to manslaughter or is ex- ' . disable, the inquiry as to the necessity ot it would have been all important; and had the Judge been called on to instruct the Jury, that it would have been no more than, excusable homicide, he might properly have refused to give, such instruction, and for the very same reason tiiat is given for calling it murder.
 

 I am consequently of opinion, that upon botli grounds the judgment must be reversed; and the demurrer to the plea iiyfibatement overruled, and the plea sustained.
 

 So the plea was sustained.