Ruffin, Chief Justice.
 

 It is not denied, on the part of the state, that a former conviction is generally a bar to another indictment for the same offence. But it is said, that it is not a bar, unless
 
 tpé
 
 court which gave the judgment had jurisdiction ; and that in this case, the County Court had none, because it attached, upon the finding of the bill,, in the Superior Court, and necessarily ousted that of the former court.
 

 We do not accede to that inference : the finding of a bill does not confine the state to that single bill. Another may be preferred, and the party put to a trial on it, notwithstanding the first remains undetermined ; for
 
 auter foits arraign
 
 is no plea, generally. Thus it undoubtedly is, when both bills are in the same court: a second bill therefore is not taken
 
 coram non judice
 
 so as to be a nullity; but the jurisdiction of the offence remains, independent of that to be exercised on the first bill. Then, how is this affected by the two bills being found in two courts having concurrent jurisdiction ? We think, that as respects
 
 the
 
 jurisdiction
 
 of the offence,
 
 the case is the same as if both prosecutions were in the same court. If, for instance, a bill were now to be found in the Superior Court — which might be, notwithstanding the former bill in that court— the defendant could plead to it his former conviction in the County Court, notwithstanding it took place hanging such first bill, on which no proceedings had been taken. The state may prefer a prosecution in any of her courts, which have jurisdiction, and may, in general, try the party on which she pleases. If two indictments be found in the same court, the course is to quash one before the party is put to plead on the other. If in different courts, neither court can be said to be ousted of its jurisdiction
 
 of the offence;
 
 though the defendant may have it in his power to abate the latter bill by plea, that another court has
 
 *161
 
 cognizance
 
 of the case
 
 by a prior bill. It is like the case of a second civil action brought, pending a former; which is not matter of abatement of the first, but is a good plea of that kind in the second. Yet if it be not pleaded in abatement, and a judgment be taken in the second suit, there can be no doubt that such judgment might be pleaded, since the last continuance, in bar of the further prosecu-lion of the action first brought. This is not therefore a case of a total want of jurisdiction, but of a privilege to the defendant to object to being tried on a second indictment, either in the same or another court, until the first be disposed of; and like other privileges, it may be waived. This, we think, is the principle on which alone the judgment in
 
 The State
 
 v.
 
 Yarbrough,
 
 1 Hawks, 78, can be ° sustained; for the other ground, that the jurisdiction attaching in one court by the finding of the bill destroys the concurrent jurisdiction of another court, would go to this extent, that there could not be a trial on the second bill, although a
 
 nolle prosequi
 
 were entered on that first found in the other court; which is against the subsequent case of
 
 The State
 
 v.
 
 M‘Neill,
 
 3 Hawks, 183. That the court confined themselves in
 
 Yarbrough’s Case
 
 to a plea in abatement of the pendency of another bill, and felt the difficulty that would be presented by a plea in bar of a conviction or acquittal upon one of the indictments, is plainly to be collected from the observation “ that while the indictment” (that is, the one fraudulently preferred,) “ is pending, and before judgment,” the defendant’s plea in abatement to the other indictment may be obviated by replying the fraud. No method of getting clear of a judgment in either is even suggested. If there be one, it must be of the same nature with the answer to a plea of another prosecution pending, Whether that would be sufficient, it is not lor us now to say, since fraud is not alleged in these pleadings. If there can be a fraud, in a legal sense, in prosecuting and convicting an offender in a court on which the jurisdiction is conferred by law, as a competent and fit tribunal to try and punish criminals, it is certainly not to be presumed, without an averment of
 
 *162
 
 it in the record, upon the single fact, that a bill had been previously found for the same matter in another court.
 

 
 *161
 
 Should a plead in a abatement made to the second bill and a conviction such conviction be plead
 
 puis continuance in barof the
 
 bill.
 

 Whether procuring a prosecu-lion an(l conviction jurisdiction can, in court of concurrent
 
 *162
 
 jurisdiction, where a prior bill has been 'found, be replied to a plea of such conviction,
 
 Qu.
 
 But if it can, it must be averred on the record, and is not to be presumed from the mere fact of the formers bill’s having been found.
 

 In the particular case before us, the defendant had no day in the Superior Court; he having neither been arraigned, nor even arrested on the bill in that court. Until he had a day in court on that indictment, he was not
 
 vexatus
 
 thereby, and stood in relation thereto on the same footing as if he had been put without day by a
 
 nolle pro-sequi
 
 thereon; in which last case it is laid down in
 
 M'Neill’s Case,
 
 that he would be amenable on another indictment in
 
 any court
 
 having jurisdiction
 
 of the offence.
 

 We are therefore of opinion, that there is no error in the judgment of the Superior Court.
 

 Per Curiam. Judgment affirmed.