STATE v. H. E. REAVIS.

(Filed 8 October, 1947.)

**1. Courts §§ 3c, 11—**

Where a Recorder's Court and the Superior Court have concurrent jurisdiction, the court first taking cognizance of the offense has jurisdiction thereof to the exclusion of the other. G. S., 7-64.

**2. Intoxicating Liquor § 8—**

The jurisdiction to declare forfeiture of a vehicle used in the transportation of intoxicating liquor is in the court which has jurisdiction of the offense charged against the person operating the vehicle. G. S., 18-6.

**3. Same—**

Defendant was tried in the Recorder's Court upon a warrant charging the illegal transportation of intoxicating liquor. The State accepted a plea of guilty of unlawful possession, and the judgment, after imposing a suspended sentence, ordered that the vehicle used by defendant be returned to him. No appeal was taken. Thereafter the sheriff filed a petition in the Superior Court to confiscate the vehicle. *Held:* The Superior Court was without jurisdiction of the petition and judgment of confiscation and sale is reversed.

APPEAL by defendant from *Sink, J.,* at March Term, 1947, of DAVIE.

Proceeding in Superior Court upon petition of sheriff of Davie County for confiscation of an automobile of defendant for that intoxicating liquor was found in it,—heard upon notice to show cause, G. S., 18-6.

From the record on this appeal, these appear to be the facts: Defendant H. E. Reavis was tried in the Recorder's Court of Cooleemee, Jerusalem Township, Davie County, upon warrant charging the illegal transportation of intoxicating liquors, and the following judgment was entered upon the judgment docket of said court:

"The defendant enters a plea of guilty of unlawful possession of one gallon non-tax-paid liquor. After hearing and considering evidence in this case the State accepts this plea and the following judgment is rendered: That the defendant be confined in the common jail of Davie County for a period of six months and assigned to work on the roads . . . This judgment suspended for a period of two years upon the following conditions: First, that he not be guilty of violating any of the State prohibition laws. Second, that he pay a fine of $300.00. Third, that he pay the cost of this action. It is an order of this court that H. E. Reavis retain a Buick automobile now held in storage by R. P. Foster, Sheriff. This March 1, 1947. W. S. Gales, Judge of Recorder's Court."

No appeal was taken from this judgment. Under same date the Recorder issued to the sheriff a written order, directing that he release the car upon payment of cost of storage. The sheriff declined to obey the order.

Thereafter, under date of 4 March, 1947, R. Paul Foster, as sheriff of Davie County, filed a petition, under oath, to the Honorable H. Hoyle Sink, Judge presiding and holding the courts of the 17th Judicial District of North Carolina, in which he set forth in pertinent part, briefly stated: That on or about 15 February, 1947, he and his deputies seized a 1940 model Buick automobile, driven by one Howell Reavis and transporting one gallon of non-tax-paid liquor; that thereupon the automobile was seized and Reavis was arrested for violating the prohibition laws; that on 1 March, 1947, Reavis was tried in the Recorder's Court of Jerusalem Township, Davie County, North Carolina, by Recorder W. S. Gales, and on such trial Reavis entered a plea of guilty of violating the prohibition laws; that Reavis bears reputation of dealing in liquor, and for using said automobile for transporting liquor and for a taxi; and that he, the sheriff, is now holding the said automobile and desires to have the same confiscated and sold according to law.

Thereupon, the Judge aforesaid ordered that H. E. Reavis, the owner of said automobile, be and appear before him on 17 March, 1947, in the Superior Court of Davie County, and "show cause, if any he has, why the aforementioned Buick automobile should not be condemned and confis-

cated according to law"—which order was duly served. Upon hearing defendant, through his counsel, demurred *ore tenus* to the jurisdiction of the Superior Court to hear and pass upon the question presented on the petition for that it had been finally adjudicated in a court of competent jurisdiction, the said Recorder's Court, and the automobile released to defendant, by order of that court, which order is pleaded as *res judicata*.

The Judge reserved his ruling and proceeded to hear oral testimony of the Judge of the Recorder's Court, offered by the State, as to what transpired in the Recorder's Court, and the circumstances under which the judgment of record in that court was rendered. Upon cross-examination of the Judge of Recorder's Court as such witness he testified that in the plea of defendant an oral request was made in open court for the release of the automobile—and that order of release was made a part of the judgment entered in the book, and the judgment entered upon the records of the Recorder's Court, as hereinabove quoted, was read in evidence, as was the written order to the sheriff to release the automobile. And in the course of the testimony the Recorder testified that as he had no one to help him, judgments were announced in open court, and that he wrote up the minutes at night at home.

At the conclusion of the introduction of evidence, the Judge held, in so far as the automobile referred to in the petition is concerned, briefly stated: 1. That under the facts found and "under the statutes of North Carolina, the law automatically confiscates said automobile." 2. "That regardless of the manner and form of the judgment or purported judgment of the Recorder in an attempt to release said automobile to the alleged owner Reavis, . . . the said Recorder was without jurisdiction of the subject matter involved, to wit: The automobile, and that it was a matter within the jurisdiction of the Superior Court, and, therefore, any order or attempted order on the part of the Recorder was void."

Thereupon, the Judge held that Reavis is not entitled to the possession of the automobile, and ordered same advertised for sale and sold as prescribed for vehicles seized in the transportation of illegal liquors, and directed the sheriff of Davie County to proceed with the sale.

Defendant appeals therefrom to the Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Allen & Henderson and F. D. B. Harding for defendant, appellant.*

WINBORNE, J. This is the pivotal question on this appeal: "Did the Superior Court of Davie County have jurisdiction over the automobile of defendant seized by the sheriff of that county in connection with a violation of the prohibition law of which the Recorder's Court for the

District of Cooleemee had theretofore assumed jurisdiction." The answer is "No."

The General Assembly of North Carolina in the Act, Public-Local Laws 1911, Chapter 713, Section 5, creating the "Recorder's Court for the District of Cooleemee," granted to that court "concurrent jurisdiction with courts of justices of the peace in all criminal offenses committed within Jerusalem Township," and "exclusive jurisdiction to hear and determine all other criminal offenses committed within said township below the grade of felony, as is now defined by law,"—declaring "all such offenses committed within said township . . . to be petty misdemeanors." It was provided, however, in said act, "that in all criminal offenses where said court has been given jurisdiction by the act, and no prosecution has been commenced within six months from the commission thereof, the Superior Court of Davie County may proceed to try the same, as though this court did not exist."

However, the General Assembly, by Chapter 299 of Public Laws 1919, and subsequent amendments, and now G. S., 7-64, has provided that in all cases in which by statute original jurisdiction of criminal actions has been taken from the Superior Court and vested exclusively in courts of inferior jurisdiction, such exclusive jurisdiction is divested, and jurisdiction of such actions shall be concurrent and exercised by the court first taking cognizance thereof, and that appeals from all judgments of such inferior courts to the Superior Courts shall be as heretofore.

Applying the provisions of these statutes to the factual situation in hand: The record shows that the offense charged against defendant Reavis was committed "on or about the 15th day of February, 1947," and defendant was arrested, and on 1 March, 1947, tried in the Recorder's Court for the District of Cooleemee, and from the judgment rendered on that date no appeal to Superior Court has been taken. Moreover, the record fails to show that at any time has any indictment been had in Superior Court of Davie County against defendant for the offense charged. Hence, the Recorder's Court, under the express provisions of G. S., 7-64, having first taken cognizance of the offense, had jurisdiction of it to the exclusion of the Superior Court.

Furthermore, the statute, G. S., 18-6, pertaining to the seizure of vehicles engaged in illegal transportation of intoxicating liquors, provides that "whenever intoxicating liquor transported or possessed illegally shall be seized by an officer, he shall take possession of the vehicle and team or automobile . . . and shall arrest any person in charge thereof"; and that "such officer shall at once proceed against the person arrested under the provisions of this article in any court of competent jurisdiction; but the said vehicle or conveyance shall be returned to the owner upon execution by him of a good and valid bond . . . which . . . shall be

approved by the officer and shall be conditioned to return said property to the custody of said officer on the day of trial to abide the judgment of the court." It is clear from these provisions that the vehicle is under the jurisdiction of the court which has jurisdiction of the offense charged against the person.

Hence, irrespective of any irregularity there may be in the proceedings in the Recorder's Court for the District of Cooleemee, and notwithstanding the oral testimony in attack upon the written record of that court, the Superior Court was without jurisdiction to render the judgment from which this appeal is taken,—and the judgment is

Reversed.