## QUICK v. ANDERSON.

### No. 6373.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 9, 1952.

Decided Jan. 25, 1952.

184

Oscar C. Quick, pro se.

Laurence J. Beltman, Attorney, North Carolina State Highway and Public Works Commission, Raleigh, N.C., (R. Brookes Peters, General Council, and E. O. Brogden, Jr., Attorney, North Carolina State Highway and Public Works Commission, Raleigh, N. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying an application for a writ of habeas corpus. Appellant pleaded guilty in a North Carolina state court to indictments charging violations of state law and was sentenced to terms of imprisonment. He applied to the judge below for a writ of habeas corpus on the ground that his plea had been entered as the result of intimidation exercised and promises made by officers of the state and that he had been without the benefit of counsel in entering the plea. The application was denied on the ground that appellant had not exhausted his remedies in the courts of the state. We think that this was clearly correct. Under chapter 1083 of the Session Laws of North Carolina, codified in the General Statutes of North Carolina under chapter 15: sec. 15–217 through sec. 15–222—1951 Supp. appellant has the right to petition the court which sentenced him, or the Superior Court of Wake County, for relief upon allegation that in the proceedings which resulted in his conviction there was substantial denial of his rights under the Constitution of the United States. The statute gives the court full power to afford relief if it finds merit in the petition. He has not attempted to avail himself of this remedy; and, this being true, he has not exhausted remedies available in the courts of the state, which is a prerequisite to the right to apply to a federal court for the writ of habeas corpus. 28 U.S.C.A. 2254; Sanderlin v. Smyth, 4 Cir., 138 F.2d 729, 730–731; Daniels v. Allen, 4 Cir., 192 F.2d 763.

Affirmed.