STATE v. GILBERT CLAYTON.

(Filed 25 November, 1959.)

**1. Criminal Law § 147—**

Where defendant's statement of case on appeal is accepted by counsel for the State and no objections or exceptions or countercase are filed, defendant's statement of case on appeal becomes and constitutes the case on appeal to the Supreme Court.

**2. Courts § 11—**

The General Assembly has authority to provide for the establishment of counts inferior to the superior court, Constitution of North Carolina, Article IV, Sections 2 and 14, but since the effective date of Article II, Section 29 of the State Constitution, the General Assembly can do so only by general act.

**3. Criminal Law § 16—**

The Recorder's Court of Vance County and the Superior Court have concurrent jurisdiction of prosecutions for the misdemeanors of assault with a deadly weapon and malicious injury to personal property. G.S 7-64.

**4. Same—**

Where two courts have concurrent jurisdiction of certain offenses the court first exercising jurisdiction in a particular prosecution obtains jurisdiction to the exclusion of the other.

**5. Same—**

Where the recorder's court of a county having concurrent jurisdiction with the Superior Court of misdemeanors issues its warrant charging defendant with certain misdemeanors, but a *nolle prosequi* is entered in the recorder's court prior to plea, that court loses jurisdiction and the State may proceed upon an indictment found in the Superior Court subsequent to the date of the entry of the *nolle prosequi* and defendant's motion in the Superior Court to remand to the recorder's court is properly denied.

**6. Criminal Law § 26—**

A *nolle prosequi* entered before arraignment and plea will not support a plea of former jeopardy.

**7. Criminal Law § 9: Property § 3—**

Where the evidence is to the effect that defendant was acting in con-

cert with others, that the others blocked with their cars the car of the prosecuting witness, and that defendant then threw a brick through the windshield of the car of the prosecuting witness, an instruction of the court that the offense of wanton and willful injury to personal property might be committed by one person acting alone, or might be jointly committed by two or more persons aiding each other and acting together, cannot be held for error. G.S. 14-160.

**8. Criminal Law § 159—**
    Assignments of error not set out in defendant's brief and in support of which no reason or argument is stated or authority cited will be deemed abandoned. Rule 28, Rules of Practice in the Supreme Court.

HIGGINS, J., not sitting.

APPEAL by defendant from *Mallard, J.,* 4 May 1959 Special Criminal Term, of VANCE.

Criminal action tried upon a bill of indictment containing two counts. The first count charges the defendant on 20 February 1959 with an assault with a deadly weapon, to wit, a brick about four inches long and two inches wide, on Frank Overby, Bradsher Redd and Charlie Overby. G.S. 14-33. The second count charges the defendant on the same day and place, as alleged in the first count, with wantonly, wilfully, and maliciously injuring the personal property, to wit, an automobile, of Frank Overby. G.S. 14-160.

Plea: Not Guilty. Verdict: Guilty as charged.

From judgments of imprisonment on both counts, defendant appeals.

*Malcolm B. Seawell, Attorney General, and T. W. Bruton, Assistant Attorney General, for the State.*

*W. M. Nicholson, James B. Ledford, L. Glen Ledford and James J. Randleman for defendant, appellant.*

PARKER, J. Before pleading to the bill of indictment, defendant moved that the case be remanded to the Recorder's Court of Vance County for trial, for the reason that the Recorder's Court of Vance County had first taken cognizance of the case, and that said Recorder's Court had jurisdiction thereof to the exclusion of the Superior Court. The trial court denied the motion, and defendant assigns this as error.

Service of defendant's statement of the case on appeal to the Supreme Court was accepted by counsel for the State, and as counsel for the State filed no objections or exceptions thereto, or any counter-case, defendant's statement of the case on appeal became, and con-

stitutes the case on appeal to the Supreme Court. G.S. 1-282; *Coral Gables, Inc. v. Ayres*, 208 N.C. 426, 181 S.E. 263.

In reference to the above motion, these facts appear from the case on appeal, and from a stipulation entered into between counsel for the State and the defendant:

Prior to the convening of the 4 May 1959 Special Criminal Term of the Superior Court of Vance County, a warrant was pending for trial in the Recorder's Court of Vance County charging defendant with the same offenses with which he is charged in the indictment upon which he was tried and convicted in the case *sub judice*. Defendant gave bond for his appearance in the Recorder's Court of Vance County, and his case had been set for trial in that court. On the call of his case for trial on the warrant in the Recorder's Court, defendant made a motion for a trial by jury, as provided for by Chapter 262, Public-Local Laws of North Carolina, Session 1917, relating to the Recorder's Court of Vance County, and at that time, pursuant to Chapter 316, 1957 Session Laws of North Carolina, (an act regulating the demand for jury trials in criminal cases in the Recorder's Court of Vance County), deposited with the clerk of that court a fee of twenty dollars.

On the afternoon of 4 May 1959 the State, without notice to defendant, took a *nolle prosequi* as to the case pending against defendant in the Recorder's Court of Vance County, and such an entry was made on the record of that court.

On the morning of 6 May 1959 the grand jury of Vance County Superior Court returned in open court as a true bill of indictment, the bill of indictment upon which defendant was tried and convicted in this case.

Defendant has not requested a refund of the twenty dollars deposited by him with the clerk of the Recorder's Court. However, it will be refunded to him at the end of May 1959.

Chapter 316, 1957 Session Laws of North Carolina, specifically provides that "if the prosecuting officer shall enter a *nolle prosequi*, then said fee of twenty dollars ($20.00) shall be returned or repaid to the defendant."

Chapter 158, Public-Local Laws of North Carolina, Session 1911, is an act which created and established a Recorder's Court to be designated as the Recorder's Court of the Town of Henderson, for the trial of petty misdemeanors committed in the Town of Henderson, Henderson Township, Vance County. The General Assembly at the same session amended Public-Local Act, Chapter 158, by enacting Public-Local Act, Chapter 614, which struck out of Public-Local Act, Chap-

ter 158, the designation of the Recorder's Court and its limited terri-
torial jurisdiction in Vance County for the trial of petty misdemeanors,
and inserted in lieu thereof words, which make Section One of Chap-
ter 158 read as follows: "A special court for the trial of petty mis-
demeanors committed in Vance County, and to be designated as the
'Recorder's Court of Vance County, North Carolina,' is hereby creat-
ed and established." We omit reference to the civil jurisdiction given
by the Acts as immaterial.

Section (d) of Public-Local Act, Chapter 158, as amended by Pub-
lic-Local Act, Chapter 614, both Acts enacted in the 1911 Session of
the General Assembly, gives to the Recorder's Court of Vance County
final, exclusive, original jurisdiction over a great number of criminal
offenses, *inter alia,* assault and battery with a deadly weapon and
malicious injury to real or personal property, both of which are mis-
demeanors in this jurisdiction. G.S. 14-33 and G.S. 14-160. Section (g)
of Public-Local Act, Chapter 158, as amended by Public-Local Act,
Chapter 614, provides that every person convicted in the Recorder's
Court of Vance County shall have the right to appeal to the Superior
Court of Vance County, and upon such appeal the trial in the Su-
perior Court shall be *de novo.*

Sections 2 and 14 of Article IV of the North Carolina Constitution
authorize the General Assembly to provide for the establishment of
courts inferior to the Superior Court. *S. v. Norman,* 237 N.C. 205,
74 S.E. 2d 602; *Rhyne v. Lipscombe,* 122 N.C. 650, 29 S.E. 57. This
legislative power must now be exercised by the General Assembly
through general acts because Section 29 of Article II of the State Con-
stitution, which was adopted in 1916, specifies that "the General As-
sembly shall not pass any local, private, or special act or resolution
relating to the establishment of courts inferior to the Superior Court."

G.S. 7-64, which has been in force for many years, and was and is
applicable to Vance County at all times relative to this case and now,
reads: "Section 7-64. CONCURRENT JURISDICTION. — In all
cases in which by statute original jurisdiction of criminal actions has
been, or may hereafter be, taken from the superior court and vested
exclusively in courts of inferior jurisdiction, such exclusive jurisdiction
is hereby divested, and jurisdiction of such actions shall be concurrent
and exercised by the court first taking cognizance thereof."

The Recorder's Court of Vance County and the Superior Court of
Vance County have concurrent jurisdiction over the two offenses
charged against the defendant. The Recorder's Court of Vance County
having first taken cognizance of these offenses, it is well settled it had
jurisdiction thereof to the exclusion of the Superior Court of Vance

County before the State made an entry of *nolle prosequi* in the case against the defendant on the record of the Recorder's Court of Vance County. G.S. 7-64; *S. v. Reavis,* 228 N.C. 18, 44 S.E. 2d 354.

The question confronting us for decision is whether, as between the Recorder's Court of Vance County and the Superior Court of Vance County, Courts of concurrent jurisdiction of the offenses of assault with a deadly weapon and malicious injury to personal property, the Recorder's Court of Vance County in which the prosecution of the defendant for assault with a deadly weapon and malicious injury to personal property was first instituted loses its juridiction by the entering before trial of a *nolle prosequi* therein on the record of the Recorder's Court, so that the Superior Court of Vance County may thereafter acquire jurisdiction of the same offenses. In the consideration of this question, we are advertent to the familiar principle of law, specifically affirmed in G.S. 7-64 as to criminal actions, that where courts have concurrent jurisdiction, the court first acquiring jurisdiction of a case or controversy, its power being adequate to the administration of complete justice, retains its jurisdiction of the case or controversy, and may dispose of the whole case or controversy, and no court of co-ordinate authority is at liberty to interfere with its action. This principle is essential to the orderly administration of the law, and is enforced to avoid unseemly, expensive, and dangerous conflicts of jurisdiction and process. *Childs v. Martin,* 69 N.C. 126; *Haywood v. Haywood,* 79 N.C. 42; *S. v. Williford,* 91 N.C. 529; *S. v. Reavis, supra;* 14 Am. Jur., Courts, Sec. 243; 21 C.J.S., Courts, Sec. 492.

An exhaustive examination on our part has shown that the cases on the subject are not numerous, and are not entirely in harmony. The most accurate statement we have found of the question for decision is set forth in an annotation in 117 A.L.R., page 424, (1938), which is not referred to in the briefs of counsel for the State and for the defendant, and is as follows:

"Aside from the question of former jeopardy, and in the absence of a statutory provision such as that referred to above, the view finding the greater amount of judicial support is that the court which first acquired jurisdiction when a prosecution was commenced therein loses such jurisdiction by the entering of a *nolle prosequi,* and that thereafter another prosecution may be carried on in another court of co-ordinate jurisdiction. *Rodgers v. State* (1911) 101 Miss. 847, 58 So. 536; *Chandler v. State* (1925) 140 Miss. 524, 106 So. 265 (recognizing rule; dismissal entered by justice of peace in vacation), followed in *Bass v. State* (1931) 159 Miss. 132, 131 So. 830; *Preston v. State* (1928) 109 Tex.

Crim. Rep. 610, 6 S.W. (2d) 757; *Epps v. State* (1936) 130 Tex. Crim. Rep. 398, 94 S.W. (2d) 441; *STATE v. VAN NESS* (Vt.) (reported herewith) *ante*, 415. See also *United States v. Jones* (1926) 7 Alaska, 378; *State ex rel. Mitchell v. Court of Coffeyville* (1927) 123 Kan. 774, 256 P. 804; *State v. McNeill* (1824) 10 N. C. (3 Hawks) 183.

"Compare *Coleman v. State* (1904) 83 Miss. 290, 35 So. 937, 64 L.R.A. 807, 1 Ann. Cas. 406, *infra*."

This annotation states it is not concerned with the subject of former jeopardy. The words quoted from the annotation "and in the absence of a statutory provision such as that referred to above" have reference to some of the cases included in the annotation "decided under a statutory provision expressly making a dismissal of a prosecution for a misdemeanor a bar to another prosecution for the same misdemeanor."

Our case of *S. v. McNeill*, 10 N.C. 183, decided in 1824, is in accord with the majority view. These are the facts of this case: On 23 September 1822, a warrant issued to apprehend the defendant, who was charged with having committed an assault and battery. On 5 October 1822, he entered into recognizance before a justice of the peace to appear at December Term 1822 of Cumberland County Court, and at that term a bill of indictment was found, on which a *nolle prosequi* was entered at the same term. At the term of Cumberland Superior Court which commenced on 28 October 1822, the bill of indictment in the case *sub judice* was found against the defendant for the same offense, to which at Spring Term 1823 he pleaded his apprehension by warrant, and the finding of the bill in the county court, to which the solicitor for the State replied the *nolle prosequi*, and defendant demurred. The Trial Judge sustained the demurrer, and gave judgment for the defendant, from which the State appealed. This Court reversed the lower court, and said in its opinion:

"The Court is of opinion that a bill of indictment having been found against the defendant in the county court at December sessions in 1822, for the same offense, is no defense against the present indictment in the Superior Court, inasmuch as it appears on the pleadings that a *nolle prosequi* had been entered on the said first indictment prior to the time of pleading in this. That as the effect of a *nolle prosequi* is to put the defendant, without day, upon that indictment, he becomes while he is so, amenable to another indictment in any court having jurisdiction of the offense; otherwise a *nolle prosequi* would operate as a bar to any other prosecution."

The County Court of Cumberland County and the Superior Court of

Cumberland County had concurrent jurisdiction over the offense with which McNeill was charged. *S. v. Yarbrough*, 8 N.C. 78 (1820).

In *Smithey v. State*, 93 Miss. 257, 46 So. 410, the Court said *S. v. Tisdale*, 19 N.C. 159, is a case directly in point, and quoted from it, part of which quotation is as follows: "Until he had a day in court on that indictment, he was not *vexatus* thereby, and stood in relation thereto on the same footing as if he had been put without day by a *nolle prosequi* thereon, in which last case it is laid down in *McNeill's* case that he would be amenable on another indictment in *any court* having jurisdiction of the offense."

In *Bottom v. State*, 155 Ark. 113, 244 S.W. 334, on the rehearing, which was denied, this is said by the Chief Justice speaking for the Court:

> "Our attention is now called to a decision of the Supreme Court of Mississippi in *Coleman v. State*, 83 Miss. 290, 35 South. 937, 64 L.R.A. 807, 1 Ann. Cas. 406, holding, under a statute conferring concurrent jurisdiction on the courts of two counties, jurisdiction acquired by one of the counties cannot be relinquished or abandoned, so as to permit the assumption of jurisdiction by a court in the other county. The doctrine of that case does not seem to us to be sound, nor does it find support in any other authorities. In fact, the case appears to be in conflict with later decisions of the same court. In the case of *Rodgers v. State*, 101 Miss. 847, 58 South. 536, after stating the rule to be that, 'where concurrent jurisdiction is vested in two courts, the court first acquiring jurisdiction acquires exclusive jurisdiction,' it was said:
>
> " 'The reason of the rule is to prevent confusion and conflicts in jurisdiction, and to prevent a person from being twice tried for the same offense, but no defendant has a vested right to be tried in any particular court of concurrent jurisdiction. When one court of concurrent jurisdiction has acquired jurisdiction and voluntarily relinquishes it by a *nolle pros.* or dismissal of the case, there can be no legal or logical reason for preventing the other court from proceeding under such circumstances; there can be no confusion or conflict between the courts for the reason that only one court then has jurisdiction, or is trying to exercise it.'
>
> "See, also, *State v. McNeill*, 10 N.C. 183; *State v. Tisdale*, 19 N. C. 159; 16 Corpus Juris, p. 148."

The Mississippi cases of *Rodgers* and *Coleman* are cited in the A.L.R. quotation from which we have quoted above.

In *S. v. Norris*, 206 N.C. 191, 173 S.E. 14, the defendant was tried in the Superior Court on a bill of indictment found against him by the

Grand Jury at the January Term 1933 of the Superior Court of Columbus County charging him with the unlawful sale, possession, etc., of intoxicating liquor. The term at which the indictment was found appears in the record of the case on file in the office of the Clerk of this Court. Defendant entered a plea of not guilty and a plea of former jeopardy. On his plea of former jeopardy "defendant offered and the State admitted in evidence judgment docket No. 4, county recorder's court, Columbus County, judgment No. 4214, which reads as follows: *State v. W. C. and Jetty Norris*, 11 October 1932; N. P. Docketed 11 October, 1932. The notation 'N. P.' was admitted by the State to indicate a *nolle prosequi*." The defendant moved that the jury be instructed, upon all the evidence, that as a matter of law the defendant should be discharged as having been placed in jeopardy in the trial in the recorder's court. Motion overruled, and defendant excepted. From a verdict of guilty and judgment imposed thereon, defendant appeals. From the opinion of the Court it appears that the Recorder's Court for Columbus County was created by authority of Chapter 27, Courts, Art. 19, County Recorders' Courts, C. S. 1563. C. S. 1567 gave that court exclusive original jurisdiction of the offenses with which defendant is charged. At all times relevant to the case C.S. 1437 (now G.S. 7-64) was applicable to Columbus County — statute as to concurrent jurisdiction. The Court in overruling defendant's motion that the jury be instructed as a matter of law upon all the evidence that the defendant should be discharged as having been placed in jeopardy in the Recorder's Court, said:

"In *S. v. Thornton*, 35 N.C. 256 (257-258): 'A *nolle prosequi* in criminal proceedings, is nothing but a declaration, on the part of the prosecuting officer, that he will not at that time prosecute the suit further. Its effect is to put the defendant without day—that is, he is discharged and permitted to leave the court, without entering into a recognizance to appear at any other time—1 Ch. Cr. L., 480; but it does not operate as an acquittal, for he may afterwards be again indicted for the same offense, or fresh process may be issued against him upon the same indictment, and he be tried upon it. 6 Mod., 261; 1 Sal., 21.' *S. v. Smith*, 129 N.C. 546; *S. v. Faggart*, 170 N.C. 737 (744); *Wilkinson v. Wilkinson*, 159 N.C., 265."

It seems clear that this Court thought the Superior Court had jurisdiction by reason of the entry of the *nolle prosequi* in the Recorder's Court, in that it did not dismiss the action *ex mero motu*, for, in the absence of objection, this Court will *ex mero motu* take notice of lack of jurisdiction, and stop the proceeding. *Baker v. Varser*, 239 N.C.

180, 79 S.E. 2d 757, where many cases are cited; *S. v. Jones*, 227 N.C. 94, 40 S.E. 2d 700.

In *S. v. Dennington*, 145 A. 2d 80 (Superior Court of Delaware, 24 September 1958), the opinion states: "The basic point for decision is whether the State, having brought and later *nolle prossed* a criminal charge in one Court, may thereafter prosecute the same defendant upon the same charge in another Court of concurrent jurisdiction without consent of the defendant and without disclosing any reason for so doing." The opinion answered the point for decision Yes, and said:

"Of course, the problem now before this Court is not primarily whether the *nolle prosequis* were properly entered but rather whether the State can prosecute here after having entered those *nolle prosequis* without giving any reasons therefor. There are few reported cases dealing with the precise point raised here. The majority of them are adverse to the position taken by the defendants, unless some statute is involved. Illustrations of these decisions are *Rodgers v. State*, 101 Miss. 847, 58 So. 536; *Preston v. State*, 109 Tex. Cr. R. 610, 6 S.W. 2d 757; *State v. Van Ness*, 109 Vt. 392, 199 A. 759, 117 A.L.R. 415; *State ex rel. Mitchell v. Court of Coffeyville*, 123 Kan. 774, 256 P. 804. The cases are collected and discussed in 117 A.L.R. 423.

"Perhaps, the strongest case in defendants' favor is *State v. Milano*, 138 La. 989, 71 So. 131. There it was conceded that the only purpose of the District Attorney was to transfer the case from the first Court, which had taken jurisdiction, to the second Court. The Supreme Court pointed out that there was no provision in the law for the transfer of a criminal action from the one Court to the other and said that the action taken was merely an attempt to accomplish indirectly what could not be done directly. In Delaware, there is likewise no statute for the transfer of a criminal action from the Common Pleas Court of Kent County to the Superior Court. The opinion in the *Milano* case relies principally upon *Coleman v. State*, 83 Miss. 290, 35 So. 937, 64 L.R.A. 807, and *Ex parte Baldwin*, 69 Iowa 502, 29 N.W. 428. A careful reading of the *Baldwin* case shows that it is in fact authority only for the proposition that, where two Courts in different counties have concurrent jurisdiction over a matter, the one in which suit is first brought will retain its control to the exclusion of the other. We cannot quarrel with that holding but it is hard to understand its significance here, for the entry of the *nolle prosequi* terminated all proceedings in the Court of Common Pleas. That leaves no

question of double jeopardy or of conflict of jurisdiction. *State ex rel. Mitchell v. Court of Coffeyville, supra; Rodgers v. State, supra.*

"In the *Coleman* case, *supra,* the decision was expressly based upon a statute dealing with crimes commenced in one County and completed in another. This statute was interpreted as requiring the prosecution to be carried through in the County in which any action was first instituted. Obviously, because of the effect of the statute, the decision was not based upon the common law. Whatever may have been said in that opinion as supporting the view taken by the Louisiana Court in *State v. Milano,* it is clearly no longer the law of Mississippi, independently of statute. See *Rodgers v. State, supra,* and *Chandler v. State,* 140 Miss. 524, 106 So. 265, wherein the Court recognized the rule of the *Rodgers* case.

"Also cited in the *Milano* opinion are two Kansas decisions, *State v. Chinault,* 55 Kan. 326, 40 P. 662, and *State v. Brannon,* 6 Kan. App. 765, 50 P. 986. The law of Kansas, however, as announced in the more recent case of *State ex rel. Mitchell v. Court of Coffeyville, supra,* is directly opposed to the *Milano* holding.

"Without further discussion of the authorities, I will simply say that I consider the majority rule to be the proper one, except as it may be affected by statute. Fear has been expressed that this rule permits an Attorney General to cause great harassment to a man by taking him back and forth between two courts an unlimited number of times. It is believed that this possibility is more theoretical than real. I am satisfied that the Courts are not powerless to put a stop to such harassment, should the occasion arise."

In 16 C. J., Criminal Law, page 437, note 1, *S. v. Williford,* 91 N. C. 529, is cited to sustain the principle that "the State cannot, after filing an indictment or information in a court having jurisdiction, enter a *nolle prosequi* and file an indictment or information charging the same crime in another court having concurrent jurisdiction." The *Williford* case is no authority for such a statement: in that case no *nolle prosequi* was entered. Note 1 also cites as authority *Coleman v. State,* 83 Miss. 290, 35 So. 937, 64 L.R.A. 807, 1 Ann. Cas. 406, which appears to be in conflict with later decisions of that Court, as set forth above; *S. v. Milano,* 138 La. 989, 71 So. 131; *Ex Parte Baldwin,* 69 Iowa 502, 29 N.W. 428; two Kansas decisions, all discussed in *S. v. Dennington, supra,* and the early Wisconsin case of *S. v. Pauley,* 12 Wis. 537. No *nolle prosequi* was entered in the *Pauley* case. It

merely holds, so far as relevant here, that where a mortal blow is struck in one county, and death ensues therefrom in another, that court, in either county, which first takes cognizance of the offense, has exclusive jurisdiction thereof, and no other court can acquire any jurisdiction of it, except by a change of venue, as provided by statute. Of all the cases cited by C. J. to support the quoted statement from 16 C. J., page 437, it seems now, by reason of later decisions in Mississippi, and a later decision in Kansas, such statement is supported only by *S. v. Milano,* 138 La. 989, 71 So. 131.

The same statement quoted from 16 C. J., page 437, is repeated in 22 C.J.S., Criminal Law, page 711, which cites in support thereof, *S. v. Milano, supra,* 16 C. J., page 437, note 1, and one additional case, *Friend v. State,* Md., 2 A 2d 430 (1938). These are the facts in the *Friend* case: Defendant was tried, convicted, and sentenced by a Justice of the Peace Court for Caroline County on a warrant charging him with receiving stolen goods under the value of $25.00, knowing them to have been stolen. From the sentence, defendant appealed to the Circuit Court. The Justice of the Peace for Caroline County had jurisdiction concurrent with the Circuit Court to try the offense charged. While the appeal was pending in the Circuit Court, the Grand Jury of the Circuit Court found an indictment against the defendant for the same offense for which defendant was tried by the Justice of the Peace. After the indictment was found the State's Attorney entered a *nolle prosequi* of the case pending on the appeal. Defendant was tried and convicted on the indictment found in the Circuit Court, and from an adverse judgment appealed. The Court of Appeals held that when the indictment was found, the case stood on the appeal docket for trial, by order of the defendant, and the State had no authority to dismiss this appeal, that was the right of the accused, and had he seen fit to exercise it the Magistrate's judgment and sentence would have stood, that the entry of the *nolle prosequi* under the facts of the case was improper and ineffective, and left undisposed of defendant's case on appeal, and his trial and conviction in the Circuit Court for the same offense placed defendant in double jeopardy. The judgment of the Circuit Court was reversed. The Court of Appeals in its opinion makes no reference to any of the cases we have cited above deciding the exact question we are considering. This case is clearly not in point here.

The statement we have quoted from 16 C. J., page 437, and which is repeated in 22 C.J.S., page 711, represents at the present time the view of a distinct minority of the Courts that have decided the precise question before us, which view, in our opinion, is unsound.

In *S. v. Van Ness*, 109 Vt. 392, 199 A. 759, 117 A.L.R. 415, (1938), the Supreme Court of Vermont has this to say about the cases cited to support the quotation we have made from 16 C. J., page 437: "We are not impressed with their reasoning and are not content with their conclusions. The rule adopted seems to us to be unnecessarily and unreasonably restrictive." In the *Van Ness* case the Court held that the institution in one court of a criminal prosecution as to which a *nolle prosequi* was subsequently filed does not make it improper for another court of concurrent jurisdiction to take jurisdiction of an information charging the identical offense forming the subject of the first prosecution.

Defendant entered no plea in the Recorder's Court of Vance County, and no trial there was had of his case. At the time defendant was tried in the Superior Court, the Recorder's Court of Vance County had dismissed the case from its docket by the entry of a *nolle prosequi* on its record, and was making no effort to claim or exercise jurisdiction of the case. Defendant very properly makes no contention that he was placed in jeopardy in the Recorder's Court of Vance County.

It is our opinion, that when before trial a *nolle prosequi* was entered upon the record of the Recorder's Court of Vance County in the cases pending in that Court against the defendant, that Court lost jurisdiction, and that thereafter the State could institute and carry on an indictment and prosecution against the defendant for the same offenses in the Superior Court of Vance County, a Court of concurrent jurisdiction over these offenses with the Recorder's Court of Vance County, which opinion is in accord with the decisions of a large majority of the Courts deciding the same precise question, and with our decision of *S. v. McNeill*, and is a sound and better view. The cases relied on by defendant have been studied, and are clearly distinguishable. The Trial Court properly denied defendant's motion, to remand the case to the Recorder's Court of Vance County for trial.

The only other assignment of error brought forward and discussed in the brief is this: The Court erred in charging the jury as follows: "The offense of wanton and willful injury to personal property under this statute may be committed by one person acting alone, or it may be jointly committed by two or more persons aiding each other and acting together."

The State's evidence tends to show these facts, so far as this assignment of error is concerned: On 20 February 1959 Bradsher Redd, Frank Overby and Charlie Overby left the Harriet-Henderson Cotton Mill in Henderson in an automobile, the property of Frank Overby. In the street their automobile was blocked by automobiles, and they

had to stop. About 25 people were in the vicinity of their automobile, when the brick was thrown. Bradsher Redd, a witness for the State, pointed the defendant out in the courtroom, and testified: "He (the defendant) picked up a brick, and said, 'you g.d. s. o. b.'s, I will get you,' and threw the brick right through the windshield." Frank Overby, a witness for the State, testified to the effect that a man driving a 1955 Ford got out, and threw a brick through the windshield of his automobile, breaking it out, that he could not swear it was the defendant. Charlie Overby, a witness for the State, testified: "We came out of the mill gate, took a left turn and a 1955 Ford got in front of us, and Gilbert Clayton got behind us. When they did that we took a right turn and went around the block and headed back to the mill gate; and when we got back, Gilbert Clayton came in from the right and some more cars came from the left and blocked us, and a 1952 or 1953 Ford came in behind us. Gilbert got out of his car and said, 'We will get the sons of bitches,' and that is when he picked up the brick and threw it through the windshield. Bradsher Redd was driving the car."

In *S. v. Martin,* 141 N.C. 832, 53 S.E. 874, the Court said in respect to the offense of wanton and willful injury to personal property: "We do not perceive, . . . why the original defendants could not have jointly committed the offense, one doing the act and the other, as principal, aiding and abetting him, or participating with him." In *S. v. Hobbs,* 216 N.C. 14, 3 S.E. 2d 431, the Court said: "The court charged the jury in effect that if the defendant intentionally threw a brick at the prosecuting witness and struck and broke the windshield of the truck he was driving, although he may not have stricken the witness the defendant was guilty of an assault with a deadly weapon, and further, that if the defendant was personally present aiding, abetting and encouraging another, who intentionally threw a brick at the prosecuting witness and broke the windshield of the truck he was driving, he was guilty of an assault with a deadly weapon. This was a correct statement of the law applicable to the facts which the evidence for the State tended to establish." The assignment of error to the charge is overruled.

The other assignments of error in the record are not set out in defendant's brief, and in support of which no reason or argument is stated or authority cited, and, therefore, they will be taken as abandoned by defendant. Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 544, 563; *S. v. Bunton,* 247 N.C. 510, 101 S.E. 2d 454; *S. v. Atkins,* 242 N.C. 294, 87 S.E. 2d 507; *S. v. Cox,* 217 N.C. 177, 7 S.E.

2d 473;. *S. v Lea,* 203 N.C. 13, 164 S.E. 737; *S. v. Bryson,* 173 N.C. 803, 92 S.E. 698; *S. v. Smith,* 164 N.C. 475, 79 S.E. 979.

Defendant was sentenced to imprisonment on each count in the indictment, both sentences to begin at the expiration of the service of the imprisonment sentence imposed upon defendant at the same term of Court for the offense of engaging in a riot in Case No. 3478. Case No. 3478 was decided this day, *S. v. Moseley* (the defendant here is one of the defendants in that case) post, 285, 111 S.E. 2d 299, and no error was found in the trial.

In the instant case there is plenary evidence to carry the case to the jury, and to support the verdict. Defendant makes no contention in his brief that any evidence was improperly admitted or excluded, or that any of his constitutional rights either under the State or United States Constitution were violated in the trial below. No prejudicial error in the charge is shown. The sentences imposed are well within the limits authorized by the applicable statutes.

**No error.**

HIGGINS, J., not sitting.