State v. Wood

———

STATE OF NORTH CAROLINA v. TERRY WOOD

No. 7318SC97

(Filed 14 February 1973)

1. Criminal Law § 30— nolle prosequi with leave as to co-conspirator — effect on case against defendant

A *nolle prosequi* with leave is not tantamount to an acquittal but allows the solicitor to have the case restored for trial without additional order; therefore, entry of *nolle prosequi* with leave against the alleged co-conspirator in a prosecution charging defendant with conspiracy to violate the North Carolina Controlled Substances Act did not require dismissal of the indictment against defendant.

2. **Criminal Law § 114— jury charge — expression of opinion — prejudicial error**

   In a prosecution for conspiracy to violate the North Carolina Controlled Substances Act, the trial court committed prejudicial error in violation of G.S. 1-180 when it inadvertently expressed an opinion that evidence offered by the State was sufficient to show the existence of a conspiracy.

APPEAL by defendant from *Seay, Judge,* 4 September 1972 Session of Superior Court held in GUILFORD County.

Defendant, Terry Wood, was charged in a bill of indictment, proper in form, with feloniously conspiring with William Frank Clark to violate the North Carolina Controlled Substances Act.

Defendant, Terry Wood, was placed on trial alone on 4 September 1972; and upon his plea of not guilty, the State offered evidence tending to show the following:

On 22 May 1972, at about 9:00 p.m., L. R. Mylan, an undercover officer with the vice division of the Greensboro Police Department, met William Frank Clark (Clark) in the Jokers Three parking lot on Tate Street in the City of Greensboro. The officer knew Clark from having purchased heroin from him a few days before. On this occasion, Officer Mylan gave Clark "$75.00 for the purchase of fifteen bags of heroin." Clark did not have the heroin on him and, "[h]e walked up to the front of my vehicle to . . . some type of van automobile, and he gave the money to Mr. Wood." At about 11:00 p.m. that evening, Clark came to the automobile and gave Officer Mylan "four tinfoil envelopes" containing the narcotic drug heroin (State's Exhibit 1) and $35.00. About five minutes later, defendant came to the automobile where Officer Mylan and Clark were sitting and the officer asked defendant why the price of heroin had increased and why he was able to purchase only four bags. Officer Mylan testified:

> "I asked Mr. Wood why this unknown substance had cost so much, and he stated to me that he had to go down into the black community here in Greensboro to purchase it, and while he was at this location—while Mr. Wood was at this location to make the purchase, a street pusher had come into the location and objected to him buying fifteen bags of heroin and that the supplier would only sell him four or five bags of heroin."

---

State v. Wood

---

When defendant came to the automobile, he had another tinfoil bag which he offered to sell to Clark and the officer. They both refused. Officer Mylan testified:

> "I was told by Mr. Wood and Mr. Clark both that they would have a half—this is referring to fifteen bags of heroin, the next night which would be the 23rd of May. After this, I left the area."

Defendant testified, denying the existence of any conspiracy and denying participation in the sale of the narcotic drug heroin to Officer Mylan.

Defendant was found guilty as charged and from a judgment imposing an active prison sentence of 3-5 years, he appealed.

*Attorney General Robert Morgan and Assistant Attorney General R. S. Weathers for the State.*

*Smith, Moore, Smith, Schell & Hunter by Jack W. Floyd for defendant appellant.*

HEDRICK, Judge.

[1] Defendant assigns as error the denial of his motion to dismiss the bill of indictment made before plea and renewed at the close of the State's evidence.

In his brief defendant asserts:

> "Entry of a *nol pros* against William Frank Clark, the only co-conspirator named in the bill of indictment, requires dismissal of this case."

The record reveals that before the present case was called for trial, "the State took a nol pros with leave" in the case charging Clark with conspiring with defendant to violate the North Carolina Controlled Substances Act, and that Clark was allowed to plead guilty to the bill of indictment charging him with the sale of heroin to Officer L. R. Mylan on 22 May 1972 in the Jokers Three parking lot.

Defendant contends the "nol pros with leave" of the case against the alleged co-conspirator was tantamount to an acquittal of the co-conspirator and required a dismissal of the indictment against defendant Wood. We do not agree.

---

**State v. Wood**

---

In *State v. Clayton,* 251 N.C. 261, 268, 111 S.E. 2d 299, 304 (1959) we find the following:

> " 'In *S. v. Thornton,* 35 N.C. 256 (257-258) : "A *nolle prosequi* in criminal proceedings, is nothing but a declaration, on the part of the prosecuting officer, that he will not at that time prosecute the suit further. Its effect is to put the defendant without day—that is, he is discharged and permitted to leave the court, without entering into a recognizance to appear at any other time— (citation omitted) ; but it does not operate as an acquittal, for he may afterwards be again indicted for the same offense, or fresh process may be issued against him upon the same indictment, and he be tried upon it. (citations omitted)" ' "

After a nolle prosequi has been taken, the solicitor may replace the cause on the docket only with consent of the court; whereas, a nolle prosequi with leave implies consent of the court, and the solicitor may have the case restored for trial without additional order. 2 Strong, N. C. Index 2d, Criminal Law, § 30. This assignment of error is overruled.

Defendant assigns as error the denial of his motions for judgment as of nonsuit.

There was sufficient competent evidence to require submission of this case to the jury.

[2] Defendant excepted to and assigns as error the following portion of the court's instructions to the jury:

> "Now, members of the jury, the evidence supporting a conspiracy is generally circumstantial, and it is not necessary to prove any direct act or even any meeting of the conspirators as the facts of the conspiracy may be connected from the collateral circumstances in the case. It is for the Court to say whether or not such connection has been sufficiently shown. When this is done, the doctrine applies that each party is agent for all the others so that an act is done by one in the furtherance of an unlawful design is the act of all, and a declaration made by one at the time is evidence against all."

Defendant contends the judge inadvertently expressed an opinion that evidence offered by the State was sufficient to show the existence of a conspiracy. We agree.

While the judge in passing on a motion for judgment as of nonsuit necessarily determines whether the evidence is sufficient to require submission of the case to the jury, by enunciating this rule in the challenged instruction the trial judge inadvertently expressed an opinion, in violation of G.S. 1-180, that the State's evidence was sufficient to show the existence of a conspiracy.

We do not discuss defendant's other assignments of error since they are unlikely to occur on retrial.

For prejudicial error in the charge, defendant is entitled to a

New trial.

Judges CAMPBELL and MORRIS concur.